IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**BRANDON J. MARTIN**, *pro se*   \*
                                                     \*
        Plaintiff                 \*
                                                   \*
v.                                                    \*      Civil No. **16-2706**

**STATE OF MARYLAND,** *et al.*     \*
        Defendants      \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Brandon J. Martin[1] has filed a lawsuit against the State of Maryland; the Maryland Department of Motor Vehicles; the Maryland Motor Vehicle Administration ("MVA"); former MVA Administrator Milton Chaffee; MVA Administrator Christine E. Nizer; Chief Judge John Morrissey of the District Court of Maryland; Administrative Judge Karen Christy Holt Chesser of the District Court of Maryland for St. Mary's County; State's Attorney Richard Fritz of St. Mary's County; Assistant State's Attorney Michael Kane of St. Mary's County, Maryland State Troopers Robert Geyer; David Coppedge; and Doe #6321 (who the Government identified as Brian Tenorio); and St. Mary's County Sheriff's Deputy Kenneth Flerlage[2] in connection with three traffic stops. He purports to bring three claims for Trespass and two claims for Trespass on the Case, alleging that the State of Maryland, its agencies, and its employees exceeded their jurisdiction and violated his constitutional rights.

Defendants have filed an Omnibus Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss"), ECF No. 10; and Martin has filed a Motion for Stay of

---

[1] In all his filings, Martin refers to himself as "Counterclaimant/Plaintiff" and the State of Maryland, et al. as "Claimants/Defendants." The Court will reference the parties simply as Plaintiff and Defendants, since there are no counter-claims being asserted by any Defendants herein.
[2] Martin's Complaint names Deputy Sheriff Ferlogy as a Defendant. His correct last name is "Flerlage." ECF No. 10-3.

1

Execution, ECF No. 16, a Motion to Restrain, ECF No. 17, and a Motion for Default Judgement (sic) or in the Alternative Jury Trial, ECF No. 18. For the reasons that follow, the Court **GRANTS WITH PREJUDICE** the Defendants' Motion to Dismiss and **DENIES** Martin's Motions for Stay of Execution, to Restrain, and for Default Judgement (sic) or in the Alternative Jury Trial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As indicated, Martin's claims stem from three different traffic stops.

On **May 30, 2015**, Trooper Tenorio pulled Martin over on Route 235 for not wearing a seat belt. ECF No. 1 ¶ 7. Martin was issued citations for "Operator Not Restrained by Seatbelt" and "Failure to Display Registration Card Upon Demand by Police Officer." *Id.* Apparently Martin did not contest these citations in court such that his driver's license was suspended on July 6, 2015 for failure to pay penalties associated with these citations. ECF No. 10-2

On **December 16, 2015**, Martin was stopped on his way home from church by Trooper Geyer, because a rear taillight on his car was not working properly. ECF No. 1 ¶ 9. When Trooper Geyer ran Martin's driver's license information, he determined that Martin's driver's license was suspended. *Id.* Trooper Geyer told Martin he could be arrested for driving with a suspended license, but instead gave him a citation. *Id.* He also gave Martin a "must repair order" for his broken taillight. ECF No. 1 at 4.

Sometime around December 24, 2015, Martin received a summons to appear in the District Court for St. Mary's County regarding the December 16, 2015 traffic citations. ECF No. 1 ¶ 10. The summons listed three violations: (1) Person driving motor vehicle on highway or public use property on suspended license and privilege, (2)Person driving motor vehicle while license suspended, and (3) Driving a motor vehicle on highway without required license and

authorization. *Id.* Martin avers that this was a threating communication, in violation of 18 U.S.C. § 876. *Id.*

Martin appeared before Judge Chesser of the District Court for St. Mary's County on February 5, 2016, where he apparently contested the citations. ECF No. 1 ¶ 11. Judge Chesser entered a plea of not guilty on his behalf and scheduled a trial. *Id.* Martin refused to consent to the jurisdiction of the District Court for St. Mary's County and attempted to remove his case to the Circuit Court for St. Mary's County. ECF No. 1 ¶ 15.

Although he attempted to remove the case to the Circuit Court, Martin received another summons to appear in the District Court before Judge Chesser on June 8, 2016. ECF Nos. 1 ¶ 16, 18. On June 8, Assistant State's Attorney Michael Kane allegedly offered Martin a plea deal, which Martin declined. *Id.* Although the Complaint is not entirely clear, Martin states that he continued to dispute the court's jurisdiction and, again, the case appears to have ended up back in the Circuit Court. A check of the electronic records indicated that all the citations issued during the December 16, 2015 stop were resolved by the entry of a *nolle prosequi* on December 5, 2016.[3] ECF No. 1 ¶ 19.

On **June 5, 2016**, Martin was pulled over a third time by Trooper Coppedge and Sheriff's Deputy Flerlage for failing to wear a seatbelt. ECF No. 1 ¶ 20. Martin disputed the officers' authority to pull him over, ECF No. 1 ¶ 20, but Trooper Coppedge ordered him out of his car and attempted to open the right side door of the car. *Id.* When Martin refused the order, Trooper Coppedge apparently told him he was under arrest and asked him for identification. *Id.* Martin invoked his "Fifth Amendment right" to remain silent, did not comply, and asked to speak to Trooper Coppedge's supervisor. *Id.* ¶¶ 20-21. According to Martin, Trooper Coppedge responded

---

[3] This Court is authorized to take judicial notice of proceedings in other courts of record. *Aldmyr Sys., Inc. v. Friedman*, 215 F. Supp. 3d 440, 444 (D. Md. 2016), *aff'd,* 679 F. App'x 254 (4th Cir. 2017).

by saying "he gonna lock you up too." ECF No. 1 ¶ 21. Trooper Coppedge then told Martin he could get out of the car and be arrested or they would break his window and arrest him. *Id.* Martin was arrested and his car was towed. *Id.*

Martin alleges that Trooper Coppedge lied in his "Statement of Probable Cause" for the arrest when he wrote that "[t]he driver then begin (sic) to read off a piece of paper stating that he was not going to provide me with his license and registration because it was against his constitutional right," and that he refused to get out of his car. ECF No. 1 ¶ 23. Martin also alleges that Trooper Coppedge falsely accused Martin of resisting arrest. *Id.* ¶ 24. The District Court records indicate that on December 13, 2016, a *nolle prosequi* was also entered as to all nine charges arising out of the June 5, 2016 stop.

On July 27, 2016, Martin filed his Complaint in this Court alleging that, with respect to all three stops, Defendants "exceeded [their] jurisdiction" and "deprived [him] of his constitutional freedom," by enforcing Maryland's traffic laws because the Maryland Code (and the traffic laws contained therein) is unconstitutional as it applies to a citizen traveling in a personal vehicle and not engaged in commerce. ECF No.1 ¶ 2. He further avers that the Department of Motor Vehicles, the MVA, and Nizer were and are engaged in extortion by deploying cameras to take pictures of traffic violations. ECF No. 1 ¶ 30.

Defendants filed an Omnibus Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 10. Martin filed a response, ECF No. 14, and the Defendants replied. ECF No. 15.

On February 21, 2017, Martin filed three Motions: a Motion for Stay of Execution, ECF No. 16, a Motion to Restrain, ECF No. 17, and a Motion for Default Judgement [sic]or in the Alternative Jury Trial, ECF No. 18. The first two motions asked the Court to intervene in

(unspecified) proceedings in the Circuit Court for Charles County.[4] The last moved for default judgment averring that the Defendants had not answered Martin's Complaint.

## II.     OMNIBUS MOTION TO DISMISS

A party may move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), where a complaint fails to state facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The court's role is not to act as an advocate for the plaintiff and construct legal arguments on his behalf in order to counter those in the motion to dismiss." *Stephenson v. Cox*, 223 F. Supp. 2d 119, 122 (D.D.C. 2002). Dismissal is also appropriate "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996).

Though Martin cites numerous constitutional provisions in his various filings, it is not clear what cause of action he is attempting to bring. He purports to bring several claims for "Trespass" and "Trespass on Case." These causes of action clearly have no application to traffic stops by police officers. The Court therefore construes his allegations as claims pursuant to 42 U.S.C. § 1983, since Martin is alleging that state entities and employees violated his constitutional rights.[5]

---

[4] It is not clear from the Complaint what Charles County has to do with this case. All the traffic stops and court proceedings described in the Complaint appear to have occurred in St. Mary's County.
[5] The Court takes this course because "[a] plaintiff proceeding *pro se* is entitled to have his complaint construed liberally." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

Section 1983 authorizes a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. It does not confer its own substantive rights, but rather provides a mechanism for rights vindicated elsewhere. *Baker v. McCollan*, 443 U.S. 137, 145, 99 S. Ct. 2689, 2695, 61 L. Ed. 2d 433 (1979). To prevail, a plaintiff "must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923, 64 L. Ed. 2d 572 (1980).

Because the Court does not have jurisdiction over the claims against some of the Defendants and because Martin fails to state a claim as to the others, the Court **GRANTS** the Motion to Dismiss.

a. *Subject Matter Jurisdiction.*

Federal courts are courts of limited subject matter jurisdiction; they "possess only the jurisdiction authorized them by the United States Constitution and by federal statute." *See United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (*citing Bowles v. Russell*, 551 U.S. 205, 127 (2007)). As the party asserting jurisdiction, the plaintiff bears the burden of proving that the federal district court has subject matter jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

The Eleventh Amendment deprives the Court of subject matter jurisdiction over Martin's suit against the State of Maryland and the MVA.[6] It provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ," U.S. Const.

---

[6] As the Government points out, the Department of Motor Vehicles, which is also named as a Defendant in this case, no longer exists. Md. Code Ann. Transp. II § 12-101.

amend. XI, which the Supreme Court has interpreted to also mean that states can ordinarily not be sued in their own citizens. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). State agencies and state officials acting in their official capacities are also immune from suit. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S. Ct. 684, 688, 121 L. Ed. 2d 605 (1993). The Eleventh Amendment deprives the Court of subject matter jurisdiction to consider such a case. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 481 (4th Cir. 2005). The State of Maryland has not waived its sovereign immunity and Congress has not abrogated sovereign immunity with respect to suits brought pursuant to 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2310, 105 L. Ed. 2d 45 (1989).

The Court therefore **DISMISSES** the claims against the State of Maryland and the MVA for lack of subject matter jurisdiction.[7]

b. *Failure to State a Claim*

Martin sues the remaining Defendants for violating his constitutional rights while enforcing Maryland's traffic laws.

He avers that he was stopped illegally on May 30, 2015, December 16, 2015 and June 5, 2016 and improperly issued citations. Judge Chesser of the District Court of Maryland for St. Mary's County, says Martin, also violated his constitutional rights in asserting jurisdiction over his case and in proceeding to trial when he did not know what the charges against him were. He also avers that cameras used by the MVA to document traffic violations violated his due process rights.

---

[7] It is not clear from the Complaint whether Martin seeks to proceed against the other defendants in their personal capacities or in their official capacities. Again, since Martin is a *pro se* litigant and his pleadings are entitled to liberal construction, *Erickson v. Pardus,* 551 U.S. 89 (2007), the Court will assume that the other defendants are being sued in their personal capacities.

Defendants argue that Martin has failed to state a claim because he has not alleged any cognizable violations of his rights. Indeed, they say, all the actions of all Defendants were appropriate and legal. The Court agrees. From the face of the Complaint alone, it is incontrovertible that Martin's rights were in no way violated.

Martin makes no specific allegations of any kind with respect to Former Administrator Chaffee, Administrator Nizer, Chief Judge Morrissey, or State's Attorney Richard Fritz. Accordingly, they are entitled to dismissal out of hand.

Nor has Martin pleaded a cognizable violation of his rights by any other Defendants with respect to the three traffic stops. As for being stopped twice for failing to wear a seatbelt and once because of a broken taillight, police officers are legally entitled to make traffic stops in those instances. *See* Md. Code Ann., Transp. §22-412.3(b)("A person may not operate a motor vehicle unless the person and each occupant under 16 years old are restrained by a seat belt or a child safety seat"); Md. Code Ann., Transp. § 23-105 ("[If a police officer sees] that a vehicle registered in this State is being operated with any equipment that apparently does not meet the standards [established by law] the officer shall stop the driver of the vehicle and issue to him a safety equipment repair order.").

Further, Martin was appropriately issued citations for not displaying his registration card at the request of an officer and for driving on a suspended license, both of which actions violate Maryland traffic laws. *See* Md. Code Ann., Transp. § 13-409 (b)("On demand of a police officer who identifies himself as a police officer, an individual who is driving or in control of a vehicle shall display a registration card that refers to the vehicle."); Md. Code Ann., Transp. § 16-303 (c)("A person may not drive a motor vehicle on any highway or on any property specified in §

21-101.1 of this article while the person's license or privilege to drive is suspended in this State.")

As for being arrested, it is impossible to infer unlawful actions with respect to Martin's arrest. Quite simply, he committed several offenses that made him subject to arrest. A police officer may arrest a person without a warrant for violating "any traffic law or ordinance," Md. Code Ann., Transp. § 26-202 (a), including "[d]riving or attempting to drive a motor vehicle while the driver's license or privilege to drive is suspended or revoked, *id.* (3)(iv), or "failing to furnish satisfactory evidence of identity." *Id*. (2)(i). Martin argues that he did not need to comply with Trooper Coppedge's request for identification because he had a right, pursuant to the Fifth Amendment, to remain silent when questioned by a police officer. That argument is altogether without merit. The Supreme Court has held that, in virtually all cases, requesting that someone disclose their identity does not violate their Fifth Amendment protections because "a request to disclose a name is likely to be so insignificant in the scheme of things as to be incriminating only in unusual circumstances." *Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt Cty.*, 542 U.S. 177, 191, 124 S. Ct. 2451, 2461, 159 L. Ed. 2d 292 (2004).

Finally, Martin does not allege or show that Judge Chesser or Assistant State's Attorney Kane violated his rights in adjudicating his traffic violations. The District Court had jurisdiction to decide Martin's case because Maryland's District Courts, which are courts of record, Md. Const. art. IV, have jurisdiction over traffic citations. Md. Code Ann., Cts. & Jud. Proc. § 4-301. Contrary to Martin's assertions, a plea offer is not a "deprivation of any rights, privileges, or immunities secured by the Constitution." *See e.g., Corbitt v. New Jersey,* 439 U.S. 212, 218, 99 S. Ct. 492, 497, 58 L. Ed. 2d 466 (1978).

In view of the foregoing, the Court dismisses all of Martin's claims with prejudice. A

federal district court may dismiss a complaint with prejudice when "it is clear that amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability. " *Cozzarelli v. Inspire Pharm. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). That is unquestionably the case here because, even if Martin were able to amend the Complaint to allege constitutional violations – a highly doubtful proposition, – all Defendants are either state officials or law enforcement officers who would be protected by the doctrine of qualified immunity (*viz.*, former Administrator Chaffe, Administrator Nizer, State Trooper Geyer, State Trooper Coppedge, State Trooper Tenorio and Sheriff's Deputy Flerlage), *see Wilson v. Layne,* 526 U.S. 603, 609, 119 S. Ct. 1692, 1697, 143 L. Ed. 2d 818 (1999); or, as judges and prosecutors, by the doctrine of absolute immunity (*viz.*, Chief Judge Morrissey, Administrative Judge Chesser, State's Attorney Fritz, and Assistant State's Attorney Kane). *Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538, 544, 98 L. Ed. 2d 555 (1988).

### III.   ADDITIONAL MOTIONS

Martin's Motion for Stay of Execution, ECF No. 16 and Martin's Motion to Restrain, ECF No. 17 request that the Court interfere with certain unspecified orders issued by the District Court for Charles County, which seem to be entirely unrelated to this case. In any event, the Court **DENIES** those motions because federal courts do not have jurisdiction to order state courts to take action. *Gurley v. Superior Court of Mecklenburg Cty.,* 411 F.2d 586, 587 (4th Cir. 1969).

Martin also moves for default judgment pursuant to "Fed R. Civ. P. 8(b),"[8] which is only appropriate where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55

---

[8] The circumstances under which default is appropriate are actually specified by Fed. R. Civ. P. 55.

(a). In this case, the Defendants have filed a responsive pleading. *See* ECF No. 10. The Court **DENIES** the Motion.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that all of the Defendants' arguments are valid and that Martin's points in opposition are wholly without merit. Accordingly:

Defendants' Motion to Dismiss ECF No. 10, is **GRANTED WITH PREJUDICE;**

Defendants' Alternative Motion for Summary Judgment, ECF No. 10, is **MOOT;**

Martin's Motion for Stay of Execution, ECF No. 16, is **DENIED;**

Martin's Motion to Restrain, ECF No. 17, is **DENIED;**

Martin's Motion for Default Judgement (sic) or in the Alternative Jury Trial, ECF No. 18, is **DENIED;** and

A separate order with **ISSUE.**

                                                                      /s/

                                       **PETER J. MESSITTE**
                            **UNITED STATES DISTRICT JUDGE**

**August 3, 2017**